**HAGAN et al. v. UNITED STATES.**

(Circuit Court of Appeals. Eighth Circuit. April 13, 1925.)

No. 6673.

**I. Criminal law ⬳318—Failure to produce warrant and vagueness of testimony as to its terms held to require assumption that it was insufficient, and seizure under it illegal.**

Where officers, executing search warrant and seizing liquor, failed to produce warrant on demand, and testified but vaguely as to its terms, defendants claiming it was in blank, *held*, warrant would be assumed insufficient, and seizure illegal.

**2. Criminal law ⬳395—Liquor seized in execution of illegal search warrant cannot be used in evidence.**

Liquor seized in execution of illegal search warrant cannot be used in evidence.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

John Hagan and another were convicted of unlawfully possessing intoxicating liquor within Indian country, and they bring error. Reversed and remanded.

J. Francis O'Sullivan, of Kansas City, Mo. (Harry Friedberg, of Kansas City, Mo. Orban C. Patterson, of Miami, Fla., and Victor A. Sniggs, of Oklahoma City, Okl., on the brief), for plaintiffs in error.

W. A. Maurer, U. S. Atty., and James A. Ingraham, Asst. U. S. Atty., both of Oklahoma City, Okl.

Before STONE and LEWIS, Circuit Judges, and SCOTT, District Judge.

STONE, Circuit Judge. Plaintiffs in error were convicted of unlawful possession of intoxicants within the Indian country. Act May 25, 1918, 40 Stat. 563 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 4137aa).

[1, 2] Several errors are urged here, but we find it necessary to determine but one of them. A necessary link in the chain of evidence of the crime was certain liquors seized by the arresting officers on the premises. Before trial, plaintiffs in error moved seasonably to suppress this evidence because obtained solely through unlawful search and seizure. It appears that the officers had a search warrant. For some unexplained reason, neither this warrant, nor a copy, served at the time of arrest, nor the affidavit upon which it issued was produced although demand was made therefor. The arresting officer was strangely vague as to the terms of the warrant and could not remember whether it described the premises or whether it named the person. The only positive testimony concerning this warrant is by one of the two defendants, who testified that the warrant was in blank. We must conclude that the warrant was insufficient and that the seizure thereunder was illegal. Liquor obtained only by such means cannot be used as evidence. Garske v. United States (C. C. A.) 1 F.(2d) 620, 622, and citations. With this improperly obtained and used evidence excluded, there is a failure of the evidence to sustain the convictions.

The judgments must be and are reversed and the case remanded.